961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie R. RAMIREZ, Plaintiff-Appellant,
v.
Richard CHENEY, Secretary of Defense; William H. Ball, III,
Secretary of the Navy, et al., Defendants-Appellees.
 No. 91-55156.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 28, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marie R. Ramirez appeals pro se the dismissal of her action for failure to state a claim. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 Ramirez is an employee of the Naval Electronics Systems Command (NAVELEX), an instrumentality of the United States Navy. Ramirez brought this action against the former and current Secretaries of Defense and the Navy, and five of her supervisors at NAVELEX. Her amended complaint contained ten counts; nine of the counts alleged constitutional and common law tort claims against her supervisors, including violations of her right to freedom of speech, deprivation of property and liberty without due process, intentional infliction of emotional distress, retaliation for her "whistleblowing" activities, defamation, intentional interference with contractual relations, and invasion of privacy. The other count alleged sex/pregnancy discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq. The district court dismissed the complaint on the grounds that (1) the Civil Service Reform Act of 1978 (CSRA) and Title VII provide the exclusive remedies for federal employment grievances and preclude Ramirez's constitutional and common law tort claims; and (2) Ramirez's Title VII claim was not timely filed.
 
 
 4
 * Ramirez contends that she is not precluded from asserting constitutional and common law tort claims against her supervisors because (1) she has not obtained a "meaningful remedy;" and (2) "they were not acting within the scopes of their employment when they committed the offenses identified in [her complaint]." These contentions lack merit.
 
 
 5
 A federal employee cannot use either a constitutional or a common law tort theory to sue his supervisors over disputes growing out of his employment. Saul v. United States, 928 F.2d 829, 831, 832 (9th Cir.1991) (CSRA precludes Bivens claims and common law tort claims for intentional infliction of emotional distress, defamation, and invasion of privacy). Moreover,
 
 
 6
 the CSRA precludes even those Bivens claims for which the act prescribes no alternative remedy. The CSRA's comprehensive remedial provisions convince us that there was no inadvertence by Congress in omitting a damages remedy against supervisors whose work-related actions allegedly violate a subordinate's constitutional rights.
 
 
 7
 Id. at 840. Accordingly, Ramirez's argument that she has no other "meaningful remedy" against her supervisors is unavailing. See id.
 
 
 8
 Ramirez also argues that the defendants' conduct was not within the scope of their employment because their actions were taken "for purely personal reasons" or "solely to further the personal interests of said individual Defendants and not for any governmental purpose." Her argument fails because it focuses on the motives underlying the defendants' actions, rather than the actions themselves. The district court correctly determined that the conduct alleged in Ramirez's complaint arose "out of the employment context," and therefore the claims against her supervisors were properly dismissed. See id. at 831, 840 (CSRA precludes tort claims against supervisors "over disputes growing out of [plaintiff's] employment" or "claims [that] stem from the working relationship"); Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990) (Bivens action precluded for violations "arising out of the employment context") (citing Bush v. Lucas, 462 U.S. 367, 374-90 (1983)).
 
 II
 
 9
 Ramirez contends that the district court erred by dismissing her Title VII claim as untimely because she did not file this action within thirty days of receiving a right to sue letter from NAVELEX or the Equal Employment Opportunity Commission (EEOC). This contention is meritless.
 
 
 10
 A federal employee bringing a Title VII claim must file a complaint within thirty days of receiving an agency's final decision. 42 U.S.C. § 2000e-16(c); Lubniewski v. Lehman, 891 F.2d 216, 219 (9th Cir.1989); Koucky v. Department of the Navy, 820 F.2d 300, 301-02 (9th Cir.1987). "Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988).
 
 
 11
 In their motion to dismiss, the defendants asserted that Ramirez's Title VII claim was untimely because it had not been filed within thirty days of an agency action on her EEO claims or within thirty days of the Merit Systems Protection Board's decision that NAVELEX had wrongfully terminated her employment. Ramirez, who was represented by counsel in the district court, did not challenge this assertion either in her response to the defendants' motion or at the hearing held by the district court.
 
 
 12
 In an addendum to her opening brief on appeal, however, Ramirez submitted three letters which, according to her, demonstrate that her Title VII claim was timely filed. Because these letters were not submitted to the district court, they are not part of the record on appeal and we cannot consider them. See id.; Koucky, 820 F.2d at 301 ("appellant has the burden of showing jurisdiction, and a barren record will not suffice to carry his burden").[1] Therefore, based on the record before it, the district court did not err by dismissing Ramirez's Title VII claim.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her reply brief, Ramirez states that she intended to submit these letters to the district court, and would have submitted them if the district judge had held a hearing in response to her letter requesting him to reconsider his decision. The district court did not entertain her request for reconsideration, however, because it was not timely filed. See Fed.R.Civ.P. 59(e)
 
 
 [2]
 In addition to the arguments discussed above, Ramirez argues that (1) she has an "irrevocable right to sue for the Title VII violations in federal district court;" (2) "the history of the Westfall Act supports the position of the Appellant that the case should not have been dismissed;" (3) "the U.S. Attorney's scope certification and substitution was premature and inconclusive;" (4) "the appellant should have been granted an opportunity to exercise discovery rights into whether or not the defendants' unlawful conduct was within the scopes of their employment;" (5) "the defendants are not entitled to immunity;" and (6) "the defendants were not entitled to consideration of their immunity plea prior to the lower court's review of the appellant's pending discovery efforts." We have considered these arguments and find them to be meritless
 
 
 [3]
 Ramirez's "Motion to Submit New and Material Evidence and Request for Injunctive Relief," filed on March 30, 1992, is denied