Peter KOUCKY, Plaintiff-Appellant,

v.

**DEPARTMENT OF the NAVY,
Defendant-Appellee.**

No. 86–2317.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1987.
Decided June 18, 1987.

**301**

Jerry H. Langer, San Francisco, Cal., for plaintiff-appellant.

Joann M. Swanson, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and KOZINSKI, Circuit Judges, and GRAY,* District Judge.

KENNEDY, Circuit Judge:

Appellant petitioned the Equal Employment Opportunity Commission (EEOC) for review of his handicap discrimination claim in connection with his discharge from the Navy. After an adverse decision before the EEOC, he brought suit claiming a violation of Title VII and section 501 of the Rehabilitation Act, naming the Department of the Navy as the sole defendant. At summary judgment, the district court dismissed for lack of subject matter jurisdiction. We affirm.

The EEOC decision was mailed to the appellant and his designated representative (appellant's counsel) on December 3, 1985. The return receipt from the copy sent to appellant's counsel shows that it was received on December 10, 1985, and the complaint recites that December 10, 1985, was the date of receipt of the decision. Appellant filed his complaint against the Department of the Navy on January 9, 1986, and on January 15, 1986, served the office of the United States Attorney. 42 U.S.C. § 2000e–16(c) requires that federal employees bringing civil rights actions in connection with personnel actions name the head of the agency as the defendant. The statute further requires the plaintiff to serve or notify the agency head of the lawsuit within thirty days of the agency or EEOC decision. The district court dismissed the action because appellant named the Department, and not the Secretary, and did not give notice to the Secretary within thirty days.

Appellant attacks the district court ruling on several grounds. First, he claims that there is a factual issue as to the date that the appellant received notice, thus making summary resolution of the jurisdictional issue inappropriate. Appellant notes that the record does not contain the dated return receipt from the copy of the decision sent to the appellant, but only contains the receipt from his counsel. This, however, does not create a factual issue, since appellant has the burden of showing jurisdiction, and a barren record will not suffice to carry his burden on summary judgment. *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In any event, the receipt of the decision by appellant's counsel was sufficient to start the jurisdictional clock running. *Gonzalez v. Stanford Applied Eng'g, Inc.,* 597 F.2d 1298, 1299 (9th Cir.1979) (per curiam) (receipt of the right to sue letter by designat-

* Honorable William P. Gray, Senior United States District Judge, Central District of California, sitting by designation.

ed representative starts the clock in Title VII suits against private employers).

Second, appellant claims that he named the proper defendant. We have squarely rejected this argument. *See Cooper v. United States Postal Serv.*, 740 F.2d 714, 715–16 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *see also* 42 U.S.C. § 2000e–16(c) ("the head of the department, agency, or unit shall be the defendant").

Third, appellant argues that the thirty-day limitation is not jurisdictional and should be subject to equitable tolling. We have squarely rejected this argument. *See Cooper*, 740 F.2d 714.

■ Finally, appellant contends that he should have been allowed to amend his complaint to name the Secretary and take advantage of the "relation-back" doctrine embodied in Federal Rule of Civil Procedure 15(c). Because the Secretary did not have notice until January 15, 1986, a date outside the thirty-day limit, *Schiavone v. Fortune*, —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), forecloses this argument.

The judgment of the district court is AFFIRMED.