**Lydia LUBNIEWSKI, Plaintiff–Appellant,**

v.

**John F. LEHMAN Jr., Secretary of the Navy, Defendant–Appellee.**

No. 88–1786.

United States Court of Appeals, Ninth Circuit.

Argued April 14, 1989.

Submitted Oct. 2, 1989.

Decided Dec. 6, 1989.

---

Elaine W. Wallace, Oakland, Cal., for plaintiff-appellant.

Elizabeth K. Trager, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before WIGGINS and KOZINSKI, Circuit Judges, and MARSH, District Judge.*

WIGGINS, Circuit Judge:

Lydia Lubniewski, an employee of the United States Navy, appeals the dismissal of her discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. (1982) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. IV 1986). The district court dismissed Lubniewski's claims for lack of subject matter jurisdiction because Lubniewski failed to file an action naming the proper defendant within the thirty-day time period prescribed by 42 U.S.C. § 2000e–16(c) (1982). We have jurisdiction under 28 U.S.C. § 1291 (1982). We affirm the dismissal of Lubniewski's Title VII claim. Previous decisions of this court have construed section 2000e–16(c)'s time period as jurisdictional. We reverse the dismissal of the ADEA claim. Section 2000e–16(c)'s time period does not apply to federal employee ADEA claims.

---

* Hon. Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation.

## I

Lubniewski complained to the Navy of age and sex discrimination following the Navy's decision not to select her to be a program analyst. The Navy denied her complaint. The Equal Employment Opportunity Commission (EEOC) affirmed the Navy's decision. On July 10, 1987, Lubniewski received a copy of the EEOC's decision and a right to sue letter. The letter warned Lubniewski that she had thirty days under section 2000e–16(c) to file a Title VII action in federal court, but that for claims brought under the ADEA, she "*MAY* have up to six years after the right of action first accrues in which to file a civil action." (Emphasis in original).

On July 29, 1987, Lubniewski filed, pro se, a form complaint provided by the district court naming the Department of the Navy, rather than the Secretary of the Navy, as defendant. *Lubniewski v. Department of the Navy,* 682 F.Supp. 462, 463 (N.D.Cal.1988). Lubniewski alleged claims under both Title VII and the ADEA. She attached to the complaint copies of the EEOC's decision and her right to sue notice. Lubniewski did not serve this complaint. Lubniewski eventually obtained counsel, who filed an amended complaint properly naming the Secretary as the defendant and served summons on the Secretary on August 21, 1987, forty-one days after the EEOC notified Lubniewski of its decision.

The government moved to dismiss Lubniewski's claims on the ground that she failed to file a complaint naming the Secretary, the proper defendant under section 2000e–16(c), within that section's thirty-day filing period. Recognizing that in this circuit naming the proper defendant within

thirty days is a jurisdictional requirement under Title VII, the district court granted the government's motion. *Lubniewski,* 682 F.Supp. at 464 (citations omitted). The district court did not specifically address the applicability of section 2000e–16(c) to Lubniewski's ADEA claim. We review de novo the district court's dismissal of Lubniewski's claims for lack of subject matter jurisdiction. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986).

## II

### A. *The Title VII Claim*

A plaintiff must file a Title VII complaint against the government within thirty days of receiving notice of an agency's final action, and the complaint must name the agency head as the defendant. 42 U.S.C. § 2000e–16(c) (1982);[1] *see Koucky v. Department of the Navy,* 820 F.2d 300, 301 (9th Cir.1987); *Cooper v. United States Postal Serv.,* 740 F.2d 714, 715–16 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Lubniewski did not comply with the requirements of Section 2000e–16(c). She argues that we should construe the thirty-day period as a statute of limitations and hold it tolled in this case because she was misled concerning the identity of the proper defendant by both the EEOC's right to sue letter[2] and the district court's form-complaint.

We agree with Lubniewski that the language of the EEOC right to sue notice is ambiguous. As the Eighth Circuit recently noted in reviewing an identical notice, various interpretations of its language are possible: "The underscored language can be read as requiring the plaintiff to name ei-

---

1. Section 2000e–16(c) provides in pertinent part: Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... on a complaint of discrimination ..., an employee or applicant for employment, if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

2. The EEOC notice stated in pertinent part:

You are further notified that if you file a civil action *YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT....* Failure to provide the *NAME OR OFFICIAL TITLE* of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled.... You must be sure the proper defendant is named when you file your civil action. (Emphasis in original.)

ther the agency or its head; it is unclear whether 'head' modifies only 'department' or also 'agency,' and the remainder of the letter leaves this ambiguity unresolved." *Warren v. Department of the Army*, 867 F.2d 1156, 1160 (8th Cir.1989). We join those courts that have considered the ambiguity of the government's notification letter and urge the appropriate agencies to redraft their notices to reflect accurately a plaintiff's obligation to name as defendant the head of the department or the head of the agency. *See Mondy v. Department of the Army*, 845 F.2d 1051, 1052 n. 1 (D.C. Cir.1988); *Williams v. Army & Air Force Exchange Serv.*, 830 F.2d 27, 31 (3rd Cir. 1987).

We have, however, held that naming the proper defendant within thirty days is a jurisdictional requirement and is not subject to equitable tolling, waiver, or estoppel. *See, e.g., Koucky*, 820 F.2d at 302; *cf. Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1422 (9th Cir.1986) (naming proper defendant within the thirty-day period is a jurisdictional requirement under 5 U.S.C. § 7703(b)(2) (1982) for bringing Title VII claims against the government initially brought before the Merit Systems Protection Board), *cert. denied*, 481 U.S. 1019, 107 S.Ct. 1900, 95 L.Ed.2d 506 (1987). We are bound by that holding.

Lubniewski also argues that we should not strictly enforce section 2000e–16(c)'s requirement that she name the Secretary as defendant because his identity as the proper defendant was readily ascertainable from her complaint and the EEOC right to sue letter which she attached to it. We have previously held that a pro se plaintiff may satisfy the proper defendant requirement by attaching the administrative disposition of her discrimination complaint to a timely filing. *Rice v. Hamilton Air Force*

*Base Commissary*, 720 F.2d 1082, 1085 (9th Cir.1983).

Unlike the plaintiff in *Rice*, however, Lubniewski did not attach to her complaint a copy of the administrative disposition of her claims. She attached copies of the EEOC decision and her right to sue letter. This difference is critical. An administrative disposition is from the Secretary himself and provides a clue that he is the proper defendant. Lubniewski's EEOC decision and her right to sue notice, on the other hand, list the Department of the Navy as defendant. They provide no clue that the Secretary is the proper defendant.

Lubniewski recognizes this difference, but reminds us that we should be "guided by the principle that '[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination.'" *Rice*, 720 F.2d at 1084 (quoting *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978)). "Title VII should not be unnecessarily interpreted in an overly technical fashion that will prevent an adjudication on the merits." *Id.* We are unable to adopt the broad interpretation of *Rice* that Lubniewski advances. To do so would eviscerate the proper defendant requirement from Title VII.

■ Lubniewski alternatively contends that the substitution of the Secretary as the defendant in her amended complaint should relate back, under Fed.R.Civ.P. 15(c), to the date she filed her original complaint.[3] Lubniewski, however, does not satisfy the requirements of Rule 15(c). Lubniewski did not serve her original complaint on the Department of the Navy within the thirty-day period. Thus, there was no timely notice to the Navy that could be

---

**3.** The rule states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law

for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Fed.R.Civ.P. 15(c).

imputed to the Secretary. "Under Fed.R. Civ.P. 15(c), the proper defendant must be provided actual notice of the action within the statutory limitations period in order for the amendment to relate back to the date of the initial filing. This notice requirement is to be strictly construed." *Hymen*, 799 F.2d at 1422; *see Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2384–85, 91 L.Ed.2d 18 (1986); *Koucky*, 820 F.2d at 302; *Cooper*, 740 F.2d at 716.

Lubniewski finally argues that section 2000e–16(c)'s thirty-day filing deadline violates equal protection. We find no merit in this argument.

The district court properly dismissed Lubniewski's Title VII claim.

### B. *The ADEA claim*

■ Section 15(c) of the ADEA, 29 U.S.C. § 633a(c), allowed Lubniewski to bring a civil action for enforcement after the EEOC affirmed the Navy's rejection of her administrative complaint. Section 633a does not, however, specify a deadline for filing such an action. The district court assumed that Title VII's thirty-day deadline applies. The government believes that this is a sensible rule because Congress ordinarily does not intend to create actions without time limits, *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), and Title VII and ADEA share common purposes, *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).[4] But Lubniewski argues that Congress intended Title VII's thirty-day filing period not to apply to federal employee ADEA claims.

Courts have often consulted Title VII for assistance in interpreting analogous provisions of the ADEA. *See, e.g., Lehman v. Nakshian*, 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (like Title VII, ADEA does not provide right to jury trial); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986) (applying proper defendant requirement of section 2000e–16(c) to section 633a), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). Section 15 of the ADEA was, in large part, patterned after section 2000e–16 of Title VII. *See Lehman*, 453 U.S. at 163–64, 166–67 & n. 15, 101 S.Ct. at 2703, 2704–05 & n. 15 (1981); *Romain*, 799 F.2d at 1418. We agree with Lubniewski, however, that the legislative history leading up to the enactment of section 15 of the ADEA indicates that Congress deliberately decided that a federal employee should not have to file her ADEA claim within thirty days of receiving notice of an adverse EEOC decision.

In determining that the thirty-day limitation period contained in section 2000e–16(c) should not apply to federal employee ADEA claims, the Second Circuit carefully reviewed the legislative history of section 15 of the ADEA and concluded "that Congress deliberately chose not to make the ADEA limitations period for suits against the government the same as the thirty-day period of limitation provided for analogous suits under Title VII, 42 U.S.C. § 2000e–16(c)." *Bornholdt v. Brady*, 869 F.2d 57 (2d Cir.1989). The court noted:

When Senator Bentsen first introduced his 1972 bill to extend the coverage of ADEA to government employers, *see* S. 3318, 92d Cong., 2d Sess., 118 Cong.Rec. 7745 (1972), the bill did not propose a

---

**4.** The government contends that this circuit applied Title VII's thirty-day filing period to federal employee ADEA claims in *Rivera v. United States Postal Serv.*, 830 F.2d 1037 (9th Cir.1987), *cert. denied*, 486 U.S. 1737, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988). In *Rivera*, a federal employee filed Title VII and ADEA appeals with the EEOC. About forty days later, he requested that the EEOC "cancel" those appeals. He then filed suit in the district court. We affirmed the dismissal of this suit, holding that once a federal employee has filed Title VII and ADEA appeals with the EEOC, he may not abandon the admin-

istrative route. He may file suit in the district court only after an adverse EEOC decision. *Id.* at 1039. In that opinion, we added that Rivera would have "failed to meet the statutory deadline" (presumably referring to section 2000e–16(c)'s thirty-day filing period) if he attempted to refile with the district court at the time of our decision. Whether that passing comment can be said to have suggested that section 2000e–16(c)'s thirty-day filing period applies to Federal employee ADEA claims, it was dictum and we are not bound by it.

new section for claims against government employers; it simply proposed to expand the definition of employer, which would have made existing provisions of the Act applicable to claims against the government. *Id.* at 7746. The bill was later restructured by Senator Bentsen to remove the federal government from the general definition of employer and to place appropriate substantive provisions in a separate section similar to § 633a. *Id.* at 15894–95. This proposed new section, submitted as an amendment to S. 1861, provided that a civil action following a final agency decision on an age-discrimination claim would have to be filed within 30 days of that decision. *Id.* at 15895. This provision was thus virtually identical to the thirty-day filing provision that appears in Title VII.

S. 1861 was then referred to committee. When it was reported out, it contained an ADEA amendment substantially similar to Senator Bentsen's proposal but for one element: the thirty-day limitations period had been deleted. *See id.* at 23952, 23955–56. The ADEA amendment thus reported out of committee as essentially what now appears as part of § 633a. The committee report that accompanied S. 1861, though noting that the ADEA "amendment is similar to a proposal first introduced by Senator Bentsen," S. Rep. No. 842. 92d Cong., 2d Sess. 45 (1972), was silent as to the reason for the elimination of the limitations period.

*Id.* at 65–66.

Like the Second Circuit, we do not think it proper to ignore Congress's deletion of a provision of section 15 of the ADEA virtually identical to the one in section 2000e–16(c) of Title VII. We infer that Congress intended that federal employee ADEA claims not be subject to a thirty-day filing deadline. We note in support of this conclusion that regulations of the EEOC, the agency principally responsible for enforcing Title VII and the ADEA, nowhere state that federal employee ADEA claims must be filed within thirty days. Although these regulations require Title VII claims to be filed within thirty days, 29 C.F.R. § 1613.281 (1988), the EEOC made them expressly inapplicable to federal employee ADEA claims. 29 C.F.R. 1613.514 (1988). *Cf. Lorillard v. Pons*, 434 U.S. 575, 584–85, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978) (in section of ADEA where Congress has rejected Title VII procedures, Title VII standards "shed no light on congressional intent under the ADEA"). The notice that the EEOC sends to federal employees who have made Title VII and ADEA claims mirrors these regulations and implies that Title VII's thirty-day filing deadline is inapplicable to federal employee ADEA claims. *See ante* at 218.

Nor do we think it proper to borrow a limitation period from another section of the ADEA. Section 633a(f) demonstrates that section 633a was meant to be unaffected by any other sections of the ADEA:

> Any personnel action of any department, agency, other entity referred to in subsection (a) of this section shall not be subject to, or affected by any provision of [ADEA], other than the provisions of section 631(b) of this title and the provisions of this section.

29 U.S.C. § 633a(f) (1982); *see Lehman,* 453 U.S. at 168, 101 S.Ct. at 2705. This does not mean, however, that no statute of limitations applies to federal employee ADEA claims that follow adverse administrative dispositions. These claims are subject to the six year catch-all statute of limitations for nontort civil claims against the United States, 28 U.S.C. § 2401(a) (1982). There is no jurisdictional filing deadline.

The district court improperly dismissed Lubniewski's ADEA claim.

The judgment of the district court is AFFIRMED in part and REVERSED in part and the case is REMANDED.