892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel JACKSON, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Defendant-Appellee.
 No. 88-1939.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 16, 1989.
Decided Jan. 9, 1990.
 
 Before CHAMBERS and WIGGINS, Circuit Judges, and RUDI M. BREWSTER*, District Judge.
 MEMORANDUM**
 Samuel Jackson appeals the dismissal of his discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e (1982) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1982 & Supp. IV 1986). The district court dismissed Jackson's claims for lack of jurisdiction because Jackson failed to file an action naming the proper defendant within thirty days as prescribed by 42 U.S.C. § 2000e-16(c) (1982). We have jurisdiction under 28 U.S.C. § 1291 (1982). We review de novo the district court's dismissal of Jackson's claims for lack of subject matter jurisdiction. Lofton v. Heckler, 781 F.2d 1390, 1392 (9th Cir.1986).
 Title VII Claim
 The district court correctly rejected Jackson's argument that although not named, the Secretary was sufficiently identified as the defendant in his original complaint to satisfy section 2000e-16(c) under Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082 (9th Cir.1983). Rice held that the thirty-day requirement may be satisfied by a pro se litigant if the litigant attaches to a complaint filed within thirty days an administrative order that identifies the proper defendant. Id. at 1085-86. Rice does not apply here because Jackson did not proceed pro se and he did not attach any documents to his complaint that would sufficiently identify the Secretary as the defendant.
 Jackson's argument that, pursuant to Fed.R.Civ.P. 15(c), his amended complaint naming the Secretary as defendant relates back to the date his original complaint was filed is similarly misplaced. Jackson does not satisfy the requirements of Rule 15(c). He did not serve his initial complaint on anyone until August 20, 1987, 31 days after his attorney received notice of the EEOC's adverse decision. Thus, there was no timely notice that could be imputed to the Secretary. See Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1422 (9th Cir.1986) (per curiam), cert. denied, 481 U.S. 1019 (1987).
 Jackson also asserts that the Secretary had informal notice of his claim within the statutory period by virtue of his participation in the administrative proceedings before the EEOC. We rejected a similar argument in Cooper v. United States Postal Serv., 740 F.2d 714, 717 (9th Cir.1984) ("[T]he filing of an administrative claim does not impute notice of 'the institution of the action'--which is the only notice relevant to rule 15(c)."), cert. denied, 471 U.S. 1022 (1985). Thus, we must reject Jackson's argument here.
 Jackson claims that the Secretary should be estopped from asserting section 2000e-16(c)'s thirty-day filing deadline because Jackson's EEOC right to sue notice was misleading. Although the EEOC notice is indeed confusing, see Lubniewski v. Lehman, 891 F.2d 216, 218-219, n. 2 No. 88-1786, 1989 U.S.App. LEXIS 18,278, 4 n. 2, 5 (9th Cir. Dec. 6, 1989), we have previously held that section 2000e-16(c)'s filing deadline is jurisdictional and is not subject to waiver, estoppel, or equitable tolling. See, e.g., Koucky v. Department of the Navy, 820 F.2d 300, 302 (9th Cir.1987). Therefore, the district court properly dismissed Jackson's Title VII claim.
 ADEA Claim
 The district court erred in dismissing Jackson's ADEA claim. Section 2000e-16(c)'s thirty-day filing deadline does not apply to ADEA claims made pursuant to 29 U.S.C. § 633a (1982). Such claims are subject to a six year statute of limitations and have no jurisdictional filing deadline. Lubniewski, 891 F.2d 216, 221.
 The decision of the district court is AFFIRMED in part and REVERSED in part and the case is REMANDED.
 
 
 
 *
 Hon. Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3