999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore L. KLAIBER, Plaintiff-Appellant,
v.
NAVAL AIR STATION, ALAMEDA, Defendant-Appellee.
 No. 93-15422.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore L. Klaiber appeals pro se the district court's dismissal of his employment discrimination action prior to service of process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe the district court's dismissal of Klaiber's action prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d), see Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989), and review for abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. Where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640.
 
 
 4
 Klaiber's complaint and other pleadings show that the Equal Employment Opportunity Commission dismissed his appeal from the denial of his administrative claims on July 30, 1986. On the same day, the EEOC issued Klaiber a right-to-sue letter.
 
 
 5
 A Title VII action against a federal employer must be filed within thirty days after the EEOC issues a right-to-sue letter. 42 U.S.C. § 2000e-16(c); Irwin v. Veterans Admin., 498 U.S. 89, 92 (1990); Lubniewski v. Lehman, 891 F.2d 216, 218 (9th Cir.1989). Klaiber filed his complaint in district court on August 27, 1991, well after the thirty-day period expired. The thirty-day period is subject to equitable tolling, but there is no indication in this record that application of equitable tolling principles is warranted. See Irwin, 498 U.S. at 93-96; Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346, 347-48 (9th Cir.1991).
 
 
 6
 Following the dismissal of his action, Klaiber filed a motion for reconsideration in which he stated his discrimination claims were based on his age. The district court denied Klaiber's motion, noting that even if Klaiber's claims were based on age discrimination, Klaiber's action would still be time-barred. We review the district court's denial of Klaiber's motion for reconsideration for abuse of discretion, see Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991), and affirm.
 
 
 7
 A claim of age discrimination in employment filed against a federal employer is subject to a six-year statute of limitations. Lubniewski, 891 F.2d 216, 221 (9th Cir.1989) (citing 28 U.S.C. § 2401(a)). Klaiber's allegations of discrimination stem from actions, including his termination from employment, taken in 1983 and 1984. Because these actions occurred more than six years before Klaiber filed his complaint, his age discrimination claim is barred by the statute of limitations. See 28 U.S.C. 2401(a); Lubniewski, 891 F.2d at 221.
 
 
 8
 Because Klaiber's Title VII and age discrimination claims are barred by the applicable statutes of limitations, his claims lack an arguable basis in law. The district court did not err by dismissing Klaiber's action and denying his motion for reconsideration. See Denton, 112 S.Ct. at 1734; Fuller, 950 F.2d at 1442.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3