**Julius J. JONES, Jr., Plaintiff–Appellant,**

v.

**Marvin T. RUNYON, Postmaster General, Defendant–Appellee.**

No. 93–1230.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1994.

Barry Douglas Roseman, Denver, CO, for plaintiff-appellant.

Wendy M. Keats (R. Andrew German, Chief Counsel, and Robert Sindermann, Jr., U.S. Postal Service, Frank W. Hunger, Asst. Atty. Gen., James R. Allison, U.S. Atty., and Robert S. Greenspan, Dept. of Justice, Washington, DC, with her on the brief), Dept. of Justice, Washington, DC, for defendant-appellee.

Before BRORBY and McWILLIAMS, Circuit Judges, and BROWN,* Senior United States District Judge.

BRORBY, Circuit Judge.

We are asked to determine the statute of limitations applicable to federal employees challenging an adverse decision of the Equal Employment Opportunity Commission (EEOC) under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. Mr. Julius Jones, Jr. appeals the dismissal of his age discrimination claim after the district court determined the claim was filed outside a thirty-day limitations period imposed similarly on Title VII claims. We affirm.

**BACKGROUND**

On November 7, 1986, the United States Postal Service denied Mr. Jones the position of ad hoc EEO counselor. Mr. Jones previously worked as an advocate and counselor regarding equal employment opportunities during his long tenure with the Postal Service. Because he believes the denial of this position evidences discrimination on the basis of race, gender, and age, and shows unlawful retaliation for his past protests against alleged unlawful employment practices, he filed an administrative complaint on December 8, 1986. The EEOC issued Mr. Jones a final administrative decision of no discrimination,

---

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

dated August 28, 1990. He then filed a *pro se* complaint in the United States District Court for the District of Colorado on September 28, 1990, but that complaint was later dismissed without prejudice for failure to properly serve the Postmaster General and the United States under Fed.R.Civ.P. 4(d)(4) and (5). *Jones v. Frank,* No. 90–B–1743 (D.Colo. Aug. 16, 1991) (bench ruling), *aff'd,* 973 F.2d 872 (10th Cir.1992).

On September 16, 1991, almost five years after the alleged discriminatory act and over one year after the final decision of the EEOC, Mr. Jones refiled his discrimination complaint in district court. The Postmaster General moved to dismiss the action as time-barred. The district court granted this motion, holding the thirty-day limitation period then applicable to federal employees filing suit under Title VII, 42 U.S.C. § 2000e–16(c),[1] applied to bar all of Mr. Jones's claims.[2] *Jones v. Frank,* 819 F.Supp. 923 (D.Colo.1993). As to the age discrimination claim, the district court adopted the same limitations period as found in Title VII's federal employment provisions. "[B]orrowing [Title VII] section 2000e–16's limitation period is appropriate because section 2000e–16 was 'actually designed to accommodate a balance of interests very similar to that at stake' here and 'is in fact, an analogy' to [ADEA] section 633a." *Id.* at 925 (quoting *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983)). Mr. Jones does not appeal the dismissal of his non-age based discrimination claims. His appeal of the age discrimination claim contends his complaint was timely if considered under the six-year statute of limitations of 28 U.S.C. § 2401(a).

## DISCUSSION

■ Statutory limitations on suits against the government involve the government's waiver of sovereign immunity. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456–57, 112 L.Ed.2d 435 (1990); *United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986). As such, a rule more favorable to litigants against the government than to litigants against private employers seems unlikely. *See Irwin,* 498 U.S. at 96, 111 S.Ct. at 457–58 (refusing to extend the doctrine of equitable tolling in a federal sector Title VII action beyond general principles applicable to private employer actions). Because of congressional silence as to the appropriate limitations period for ADEA claims against the federal government, we are asked to choose between two statutory limitations periods. We choose the one most likely to reflect Congress's balancing of the unique interests of a federal employer with the concerns of discrimination in government employment.

The ADEA provides a federal employee two alternative routes for pursuing an age discrimination claim. An employee may bring the action directly to federal district court in the first instance, so long as the employee gives the EEOC notice of intent to sue within 180 days of the alleged discriminatory act and then waits thirty days before filing the action. 29 U.S.C. § 633a(d); *Stevens v. Department of Treasury,* 500 U.S. 1, 7, 111 S.Ct. 1562, 1566–67, 114 L.Ed.2d 1 (1991). Conversely, an employee may invoke the EEOC's administrative process and then file a civil action in federal district court if unsatisfied with administrative remedies. 29 U.S.C. §§ 633a(b)–(c). Mr. Jones attempted this route. The ADEA, however, is silent on how long action may be filed in district court after a final agency decision.

Although declining to fill that silence, the Supreme Court explained the proper analysis is to "assume, as we have before, that Congress intended to impose an appropriate pe-

---

1. The Civil Rights Act of 1991 amended the federal employee limitations period in Title VII actions from thirty days to ninety days. P.L. 102–166, tit. I § 114, 105 Stat. 1071, 1079 (1991).

2. The district court also held the pendency of the prior complaint, dismissed without prejudice, did not toll the limitations period. *Jones,* 819 F.Supp. at 926. Mr. Jones expressly does not appeal that holding. Apt. Opening Br. at 4 n. 1.

Also, as Appellant rightly points out, his second complaint was filed over a year from the EEOC decision, so the new ninety-day period is of no consequence unless tolling applies. Because he chooses not to appeal the district court's tolling decision, he further does not assert the Civil Rights Act of 1991 should be applied retroactively to his case.

**1456**

riod borrowed either from a state statute or from an analogous federal one." *Stevens,* 500 U.S. at 7, 111 S.Ct. at 1567 (citing *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 146–48, 107 S.Ct. 2759, 2762–63, 97 L.Ed.2d 121 (1987)). As this is a question of first impression for this circuit, we note the Courts of Appeals are divided on whether to "borrow" an analogous limitations period from Title VII, *Long v. Frank,* 22 F.3d 54 (2d Cir.1994); *Lavery v. Marsh,* 918 F.2d 1022 (1st Cir.1990), or from the general limitations period for nontort actions against the federal government, *Lubniewski v. Lehman,* 891 F.2d 216 (9th Cir.1989).[3] We rule out the applicability of state statutes. To adopt varying state rules would burden administrative efforts of the EEOC and prove an "unsatisfactory vehicle[ ] for the enforcement of federal law." *DelCostello,* 462 U.S. at 161, 103 S.Ct. at 2289; *see Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (declining to apply state limitations period to Title VII enforcement suits brought by EEOC); *Barnett v. United Air Lines, Inc.,* 738 F.2d 358 (10th Cir.) (declining to apply state limitations to hybrid breach of contract/duty of fair representation claim brought under Railway Labor Act), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984).

In borrowing a statute, a reasonable source is a "statute of limitations actually designed to accommodate a balance of inter-ests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit." *DelCostello,* 462 U.S. at 169, 103 S.Ct. at 2293; *see Lavery,* 918 F.2d at 1025. If another federal statute exists that clearly reflects the interests Congress intended to protect in the silent statute, we will apply it. *Barnett,* 738 F.2d at 363.

Here, as the district court noted, the limitations period for federal employee actions under Title VII, 42 U.S.C. § 2000e–16(c),[4] is more analogous to ADEA than the general limitations period for nontort actions against the federal government, 28 U.S.C. § 2401(a).[5] This conclusion is borne out by our similar analysis of other limitations periods in Title VII and the ADEA. "Since the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace," since the language of § 633a(a) & (b) is "almost *in haec verba* " with § 2000e–16(a) & (b), and since the legislative history of the ADEA section indicates Title VII was its source, we conclude the two limitations periods are analogous. *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979) (comparing Title VII and ADEA private sector limitations in deferral states); *Smith v. Oral Roberts Evangelistic Ass'n,* 731 F.2d 684, 688 (10th Cir.1984) (same). The first two sections of ADEA § 633a were "patterned after" similar sections in Title VII § 2000e–16. *Lehman v. Nakshian,* 453 U.S. 156, 163–64,

---

**3.** The Second Circuit's decision in *Long* expressly rejected, as dicta, statements made in its prior decision of *Bornholdt v. Brady,* 869 F.2d 57 (2d Cir.1989). *Bornholdt* did not answer whether the general six-year limitations period applied to § 633a, but expressed strong reservations against applying the thirty-day limitation of Title VII. *Id.* at 64–67. The Ninth Circuit, in its *Lubniewski* decision, relied almost verbatim on *Bornholdt.* We are left, therefore, without a completely untarnished argument in favor of the general six-year limitation period.

**4.** Civil action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant
  ....
(c) Within thirty days of receipt of notice of final action taken by ... the Equal Employ-ment Opportunity Commission upon an appeal from a decision or order of [a federal employer] on a complaint of discrimination based on race, color, religion, sex or national origin, ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, ... may file a civil action [in federal district court]....
42 U.S.C. § 2000e–16(c) (1972), *amended by* Act of Nov. 21, 1991, 42 U.S.C.A. § 2000e–16(c) (West Supp.1994).

**5.** Time for commencing action against United States
(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues....
28 U.S.C. § 2401(a).

101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (citing remarks of Senator Bentsen, principal sponsor of ADEA § 633a, 118 Cong.Rec. 24,-397 (1972)). In offering the first two sections to the Senate, Senator Bentsen stated "[t]he measures used to protect Federal employees [from age discrimination] would be substantially similar to those incorporated" in the recently amended Title VII protections for federal employees. 118 Cong.Rec. 24,397 (1972); see Lehman, 453 U.S. at 167 n. 15, 101 S.Ct. at 2705 n. 15.

Mr. Jones responds Congress could not have intended § 633a to follow Title VII because a Senate committee rejected a version of § 633a(c) drafted identical to Title VII § 2000e–16(c). See Lubniewski, 891 F.2d at 220–21. When Senator Bentsen introduced the substantive provisions for federal employee age discrimination claims, he proposed § 633a(c) would give an employee only one route to federal court: a civil action filed within thirty days of a final agency decision. 118 Cong.Rec. 15,894–95 (1972) (introducing amendment to S. 1861). The committee version of the bill deleted this proposal, without explanation, and drafted § 633a(c) in its current codified fashion. 118 Cong. Rec. 23,955–56 (1972).[6] Also instituted with the committee version was the addition of a second route allowing a federal employee to directly file a claim in federal court. 29 U.S.C. § 633a(d).

We follow the views of the Second and First Circuits who considered this legislative past and rejected its import as to legislative intent. "In the absence of an explanation for the omission, we cannot ascribe to it the deliberate purpose of precluding ... [a] reference to the most closely analogous statute, for, in doing so we are just as likely to defeat Congress's intent as to effectuate it." Long,

22 F.3d at 57. "We are not free to ascribe deliberateness to Congress' omission in the absence of any evidence whatsoever that the provision was explicitly debated and rejected. [Citation omitted.] We simply do not know why Congress left out the thirty-day limitations provision before passing the amendment." Lavery, 918 F.2d at 1026. Instead of giving federal employees a single route to federal court, Congress gave them two. Although the committee modified § 633a(c), it retained the other source for administrative review, § 633a(b), as a twin of Title VII § 2000e–16(b). We do not find Congress intended, in drafting provisions that allow for two routes, to ignore in the administrative route a limitations period found in an analogous anti-discrimination statute.

Finally, we address the Postmaster General's contention that administrative regulations support the borrowing of Title VII's limitations period. The EEOC submitted a new part 1614 of its regulations, effective after the date of Mr. Jones's complaint, to specifically deal with administrative complaints and appeals by federal employees. 57 Fed.Reg. 12,634 (Apr. 10, 1992) (effective Oct. 1, 1992). A new rule applies the same limitations periods of Title VII to federal sector claims under the ADEA. 29 C.F.R. § 1614.408(c) (1993). This rule takes the opposite view of previous EEOC regulations, however. Previous EEOC rules specified the limitation period for filing civil actions after a final agency decision, 29 C.F.R. § 1613.281 (1991), but expressly excluded applying this limitation to age discrimination complaints, 29 C.F.R. § 1613.514 (1991).[7]

■ An agency's interpretation of an ambiguous provision within the statute it is authorized to implement is entitled to judicial

---

6. Section 15(c) of the bill, now codified as 29 U.S.C. § 633a(c), states: "Any persons aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this Act."

7. We also recognize this prior position is reflected in the notice sent by EEOC to Mr. Jones purportedly explaining his right to file a civil action. The relevant portion of the notice reads:

As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), you MAY have up to six years after the right of action first accrued. See Lehman v. Nakshian, 453 U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401(a).
(Emphasis in original.)

deference. *See Pauley v. Bethenergy Mines, Inc.*, 501 U.S. 680, 696–98, 111 S.Ct. 2524, 2534, 115 L.Ed.2d 604 (1991) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 866, 104 S.Ct. 2778, 2793, 81 L.Ed.2d 694 (1984)). Such deference is considerably less eligible when the agency's position is inconsistent with a previously held position, however. *See Good Samaritan Hosp. v. Shalala*, — U.S. —, —, 113 S.Ct. 2151, 2161, 124 L.Ed.2d 368 (1993); *General Electric Co. v. Gilbert*, 429 U.S. 125, 143, 97 S.Ct. 401, 411–12, 50 L.Ed.2d 343 (1976); *cf. Valley Camp of Utah, Inc. v. Babbitt*, 24 F.3d 1263, 1267–68 (10th Cir.1994) ("Such deference ... does not obtain where the agency's interpretation of its regulations is inconsistent with its prior administrative interpretations."). Solely because EEOC's current regulations are consistent with our interpretation of the analogy between Title VII and the ADEA, we find them persuasive.

## CONCLUSION

We hold the district court properly applied the analogous limitations period of Title VII, 42 U.S.C. § 2000e–16(c), to Mr. Jones's ADEA claim, 29 U.S.C. § 633a. Mr. Jones had thirty days from receipt of the final EEOC decision to file a complaint in federal district court. Accordingly, the judgment of the district court is **AFFIRMED.**