132 F.3d 43
 97 CJ C.A.R. 3508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Mack McCOIN, Plaintiff-Appellant,
v.
SECRETARY OF VETERANS AFFAIRS, Jesse Brown; Judy Arnold,
Chief of Social Services, Defendants-Appellees.
 No. 97-3136.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1997.
 
 Before BRORBY, EBEL and KELLY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Mr. McCoin is a pro se litigator who appeals the dismissal of his civil complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the decision of the district court.
 
 
 4
 Mr. McCoin was a social worker employed by the Department of Veterans Affairs until his retirement in March 1994. In April 1993, his supervisor counseled him regarding his involvement with a publication known as the Adult Residential Care Journal. Mr. McCoin was the editor and publisher. In the counseling letter, Mr. McCoin was told he could not use government property to conduct private business or conduct private business on the Department of Veterans Affairs time. Mr. McCoin also received verbal counseling on May 26, 1993, and a second letter of counseling dated May 28, 1993, which concerned Mr. McCoin's conduct at a meeting. Mr. McCoin felt these counselings were an attempt to "get rid of [him] because of [his] age."
 
 
 5
 On May 28, 1993, Mr. McCoin contacted an Equal Employment Opportunity Agency ("Agency") counselor raising this complaint. In July 1993, Mr. McCoin filed a formal administrative complaint with the Agency alleging sex, age, handicap, and reprisal discrimination. The Agency investigated this complaint and on June 8, 1994, found the evidence did not substantiate Mr. McCoin's allegations of discriminations. Mr. McCoin's attorney received notice of the final Agency decision on June 10, 1994.
 
 
 6
 Mr. McCoin did not appeal the decision until December 23, 1994, more than six months after the Agency's final decision. Mr. McCoin filed the complaint initiating this action on June 6, 1996, in the United States District Court for the District of Kansas. In his complaint, Mr. McCoin alleged sex, age, race, and handicap discrimination. The district court dismissed the lawsuit determining it lacked subject matter jurisdiction because the action was not timely filed. We review de novo the district court's dismissal for lack of subject matter jurisdiction. Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir.1996).
 
 
 7
 Mr. McCoin appeals asserting the district court "denied relevant evidence that the appeal was timely and, therefore, ... [violated] ... my civil rights." Mr. McCoin supports this allegation by asserting the "District Court did not consider the fact that Defendant Arnold et al. violated my civil rights by incorrectly claiming that Defendant Arnold was [my] supervisor," and "Defendant Arnold verbally harassed [me] between late May 1993 and up until nearly the time of [my] retirement in April 1994." He further argues, "[i]t is my impression that there is no statute of limitations in age discrimination cases."
 
 
 8
 Mr. McCoin's appeal lacks legal merit. The record on appeal is clear and undisputed. The final agency decision on Mr. McCoin's administrative complaint was issued June 8, 1994. Mr. McCoin's attorney received the final agency decision June 10, 1994. Mr. McCoin had thirty days from June 10, 1994, to appeal the Agency decision to the Equal Employment Opportunity Commission or, alternatively, ninety days from June 10, 1994, to file an action in federal district court.[1] See 29 C.F.R. §§ 1614.402, 1614.408(a). Due to Mr. McCoin's failure to timely exhaust his administrative remedies or file suit, the district court lacked jurisdiction to hear this matter and the district court properly dismissed this matter.
 
 
 9
 Mr. McCoin asks this court to excuse his untimely filing as his attorney failed to notify him promptly of the final agency decision. We are unable to grant this relief. The Supreme Court has instructed that when notice is delivered to the office of the claimant's formally designated attorney, the claimant has received notice and is bound thereby. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92-93 (1990); see also 29 C.F.R. § 1614.402(c).
 
 
 10
 Mr. McCoin asks us to ignore the jurisdiction requirements of Title VII and the Age Discrimination in Employment Act for equitable reasons. Our law prohibits this as well unless the circumstances of the case " 'rise to the level of active deception.' " See Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir.1996) (quoting Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir.1979)). No such facts have been alleged in this case.
 
 
 11
 The district court did not have subject matter jurisdiction over Mr. McCoin's lawsuit and had no alternative except to dismiss the lawsuit.
 
 
 12
 The decision of the district court is AFFIRMED for substantially the same reasons set forth by the district court in its order, a copy being attached hereto.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 In response to Mr. McCoin's claim a statute of limitations does not apply in age discrimination cases, this court has ruled the time limitations in Title VII cases apply to age discrimination actions. See Jones v. Runyon, 32 F.3d 1454, 1456, 1458 (10th Cir.1994)