**James A. LONG, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General, Defendant.**

**No. CV–90–3819.**

United States District Court, E.D. New York.

Feb. 19, 1993.

Warren Ausubel, Asst. U.S. Atty., Brooklyn, NY, for defendant.

Hazel C. Strauss, Jamaica, NY, for plaintiff.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The government moves this court to reconsider its Memorandum and Order dated December 23, 1992, 808 F.Supp. 961, insofar as that Order held that plaintiff's ADEA action was not time barred. As provided in Local Rule 3(j), which governs motions for reconsideration, this matter has been taken on submission. Based on precedent that this court did not consider when issuing its prior order, the government's motion should be granted.

## FACTS

The procedural history of this action is set forth in this court's Memorandum and Order of December 23, 1992, and familiarity with that opinion is assumed.

Plaintiff *pro se* James Long filed his complaint in this age discrimination action in November of 1990. He alleges that the United States Postal Service (the "Postal Service" or the "Agency") terminated his employment in violation of 29 U.S.C. § 633a, the provision of the Age Discrimination in Employment Act ("ADEA") governing actions by federal employees. Long's complaint originally sought two forms of relief: (1) overtime back pay with interest and (2) compensation for legal services. On December 23, 1992, this court issued a Memorandum and Order granting the government's motion for summary judgment as to plaintiff's claim for attorneys fees. Since the United States Court of Appeals for the Federal Circuit already had decided the merits of plaintiff's request for direct payment of attorneys fees, the doctrine of res judicata barred this court from reconsidering the identical issue.

As to plaintiff's action for overtime back pay, this court denied the government's motion for summary judgment on the grounds that the doctrines of res judicata and collateral estoppel—the only bases on which the government rested its motion— were inapplicable. More precisely, this court held that since the Federal Circuit, the first court to consider plaintiff's action, did not have jurisdiction to decide claims based on age discrimination, res judicata was not appropriate. It reached this holding despite the fact that in both actions the underlying transaction upon which plaintiff relied and the relief that plaintiff sought were identical.

In their initial briefs discussing the summary judgment motion, neither party mentioned the statute of limitations for actions brought under the applicable ADEA provision; nevertheless, as part of its holding, this court stated as follows:

> Finally, plaintiff has asserted his age discrimination claims in a timely fashion. The federal catch-all six-year statute of limitations governs federal employees' ADEA claims. *See, e.g., Medwid v. Baker,* 752 F.Supp. 125, 135 (S.D.N.Y.1990). Thus, plaintiff had six years from August of 1982—the date his cause of action accrued—in which to file a civil action under the ADEA. However, since he chose to seek redress from the EEOC, this limitations period was tolled during the administrative proceedings—which ended in December of 1986.

The government now asserts that *Stevens v. Department of Treasury,* — U.S. ——, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991), while not directly addressing the appropriate statute of limitations for federal employees' ADEA actions, nonetheless indicates that a court should borrow a statute of limitations from an analogous federal statute rather than defer to the federal catch-all limitations period. The government further argues that since the federal statute most similar to the ADEA is Title VII, the applicable limitations period for plaintiff's claims is thirty days, the period found within that statute. If this court were to accept the government's line of reasoning, it would have to find plaintiff's ADEA claims time barred. Plaintiff has not responded to the government's motion for reconsideration. This court first will consider the current status of the "borrowing" doctrine and then will discuss the applicability of the equitable tolling doctrine to this action.

## DISCUSSION

As the discussion above makes clear, section 633a of the ADEA, which governs federal employees' age-discrimination claims, does not contain an express indication of the time period within which a plaintiff must file his action. This court's December 23, 1992 Order stated that section 633a is subject to the six-year federal catch-all limitations period. In reaching this conclusion, this court relied for authority on *Medwid v. Baker,* 752 F.Supp. 125 (S.D.N.Y.1990), which, in turn, relied on *Bornholdt v. Brady,* 869 F.2d 57 (2d Cir. 1989).

In *Bornholdt,* the Second Circuit provided two reasons why "borrowing" the limitations period for Title VII actions against the government and applying that period to ADEA actions was inappropriate: first, the *Bornholdt* court asserted, the "borrowing" device was used primarily in actions against private entities and not against the federal government, *id.* at 64; and second, the thirty-day limitations period originally proposed for section 633a was eliminated when the bill was reported out of committee. *Id.* at 66. After conducting extensive and persuasive analysis, however, the

*Bornholdt* court ultimately declined to choose a limitations period for section 633a because, the court confessed, it was "unable to determine precisely what Congress had in mind." 869 F.2d at 66. Instead, the Second Circuit in that case rested its decision on alternative grounds, *see Bornholdt,* 869 F.2d at 68–70 (concluding that timing of age discrimination claim related back to original filing), thereby transforming its observations about the thirty-day limitations period into *dicta.*

After the Second Circuit decided *Bornholdt,* the Supreme Court had occasion to discuss the propriety of the "borrowing" doctrine with respect to section 633a. In *Stevens v. Department of Treasury,* — U.S. ——, ——, 111 S.Ct. 1562, 1567, 114 L.Ed.2d 1 (1991), the Court stated:

> The [ADEA] does not expressly impose any additional limitations period for a complaint of age discrimination. We therefore assume, as we have before, that Congress intended to impose an appropriate period borrowed either from a state statute or from an analogous federal one. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 146–48 [107 S.Ct. 2759, 2762–63, 97 L.Ed.2d 121 (1987)]....

Although the Supreme Court also declined to decide which statute in particular was most analogous to section 633a, its reliance on the *Agency Holding Corp.* case indicates the appropriate analysis for lower courts to follow. In *Agency Holding Corp.,* the Court applied the Clayton Act's four-year statute of limitations to civil enforcement actions under RICO because "the civil action provision of RICO was patterned after the Clayton Act," and both statutes were designed "to compensate the same type of injury." 483 U.S. at 150–51, 107 S.Ct. at 2764–65.

For several reasons, this court finds appropriate reconsideration of its prior holding that the six-year residual limitations period governs actions under 633a. First, under the language of *Stevens,* — U.S. at ——, 111 S.Ct. at 1567, the "borrowing" doctrine applies to cases against the federal government just as it applies to

cases between private parties; therefore, at least part of the *Bornholdt* analysis is no longer viable. Second, as the Supreme Court recognized in *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), section 633a of the ADEA and section 2000e–16 of Title VII are substantially similar. *Lehman,* 453 U.S. at 163, 101 S.Ct. at 2703 (section 633a "patterned after" section 2000e–16 "which extended protection of Title VII to federal employees"). Therefore, under the reasoning of *Agency Holding Corp.,* 483 U.S. at 150–51, 107 S.Ct. at 2764–65, Title VII's thirty-day limitation period, found in section 2000e–16(c), properly governs the parallel ADEA cases brought under section 633a.

Admittedly, this rationale does not address the omission of the thirty-day limitation period from the final version of section 633a—the second question that plagued the *Bornholdt* court. *See Bornholdt,* 869 F.2d at 66; *see also Lubniewski v. Lehman,* 891 F.2d 216, 220–21 (9th Cir.1989) (holding that legislative history leading up to section 633a's enactment "indicates that Congress deliberately decided that a federal employee should not have to file her ADEA claim within thirty days of receiving notice of an adverse EEOC decision."). However, as the First Circuit explained in *Lavery v. Marsh,* 918 F.2d 1022, 1026 (1st Cir.1990), absent legislative history indicating the purpose for the omission, its absence is not determinative:

> The legislative history of section 633a is silent with regard to why the thirty-day limitations period was ultimately left out. We are not free to ascribe deliberateness to Congress' omission in the absence of any evidence whatsoever that the provision was explicitly debated and rejected.... We simply do not know why Congress left out the thirty-day limitations provision before passing the amendment. Without an explanation, "we find this deletion alone an ambiguous indication of Congressional purpose and draw no conclusion from it." *Rastelli v. War-*

*den,* 782 F.2d 17, 24 n. 3 (2d Cir.1986). Absent evidence one way or the other, human error is as likely the cause for the omission as deliberation.

While the omission is bothersome, it nonetheless does not overcome the compelling analogy between Title VII and the ADEA. *Cf. Rebar v. Marsh,* 959 F.2d 216, 218 n. 5 (11th Cir.1992) (citing numerous cases that compared provisions of the two statutes). Based on the similarity in structure and purpose shared by these two statutes, this court therefore joins those of its sister courts to conclude that a thirty-day rather than a six-year limitations period should apply to section 633a. *See, e.g., Lavery,* 918 F.2d at 1027; *Healy v. United States Postal Service,* 677 F.Supp. 1284, 1289–90 (E.D.N.Y.1987). As the latest date for plaintiff to commence his action was in December of 1986 and as he did not file a complaint in this action until November of 1990, the statute of limitations bars this action.[1]

■ The next question is whether equitable tolling applies to this limitations period based on language from the EEOC decision advising plaintiff that he may have six years within which to bring suit. Recently, the Supreme Court held that equitable tolling principles apply in actions against the United States just as they apply in suits between private parties. *Irwin v. Veterans Administration,* 498 U.S. 89, 94–95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). However, the *Irwin* Court went on to explain the traditional limits on the doctrine of equitable tolling:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less for-

---

1. Section 2000e–16(c) was amended in November of 1991 to extend the limitations period in actions against the government to ninety days. Publ.L. No. 102–166, § 114, 105 Stat. 1071, 1079.

However, at the time plaintiff commenced this action, that section contained a thirty-day limitations period.

giving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.

*Irwin*, 498 U.S. at 96, 111 S.Ct. at 457–58; *see also Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48–49 (2d Cir.1985) (discussing "extraordinary circumstances" where court may equitably toll time constraints of ADEA).

 When the EEOC issued its decision denying plaintiff Long's age discrimination claims, the agency advised him as follows:

> If any of your claims were based on the Age Discrimination In Employment Act of 1967 (29 U.S.C. § 633a), *AS TO THOSE CLAIMS ONLY,* you *MAY* have up to six years after the right of action first accrued in which to file a civil action.

(*See* Declaration of Charles Dudek, Appeals Review Coordinator, Exh. I) (emphasis in original). The First Circuit has found that identical language in an EEOC opinion was not "a model of clarity" but nevertheless sufficiently alerted the plaintiff to a conflict in the law and therefore could not be construed as "affirmative misconduct." *Lavery*, 918 F.2d at 1028. Based on the limited applicability of the equitable tolling doctrine, this court agrees. It is important to note that in *Lavery*, the plaintiff was represented by counsel, unlike Long who is now proceeding *pro se*. For two reasons, however, this factor does not compel a different conclusion as to the applicability of equitable tolling in this case: first, at the time of Long's EEOC proceedings, he was represented by counsel; and second, his tireless pursuit of overtime back pay and attorneys fees in this protracted litigation (via appeals to the Merit Systems Protec-

tion Board) indicate to this court that Mr. Long is well aware of how to protect his legal rights and was not deterred by language in the EEOC decision.

## CONCLUSION

For the reasons described above, the government's motion for reconsideration is hereby granted. This action is dismissed as time barred because plaintiff failed to bring suit in federal court within the requisite thirty-day limitations period.

SO ORDERED.