James A. LONG, Plaintiff–Appellant,

v.

Anthony M. FRANK, Postmaster General, Defendant–Appellee.

No. 285, Docket 93–6101.

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1993.

Decided April 15, 1994.

James A. Long, pro se.

Warren D. Ausubel, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. E.D.N.Y., Robert L. Begleiter, Deborah B. Zwany, Asst. U.S. Attys., Brooklyn, NY, of counsel), for defendant-appellee.

Before: MINER and WALKER, Circuit Judges, and MUNSON, District Judge.*

---

* Hon. Howard G. Munson, Senior District Judge,    United States District Court for the Northern

WALKER, Circuit Judge:

This appeal requires us to consider whether the statute of limitations applicable to civil actions by federal employees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), should apply to similar actions brought under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 633a. Plaintiff-appellant James A. Long appeals *pro se* from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge* ), granting summary judgment against him on his ADEA claim against the United States Postal Service (the "Postal Service"). The district court held that the thirty day limitations period applicable to Title VII claims applied to Long's ADEA claims and that summary judgment was proper because Long's complaint was not filed within this period. *Long v. Frank,* 813 F.Supp. 969 (E.D.N.Y.1993).

This litigation has a lengthy history dating back to Long's 1982 discharge from his job with the Postal Service, followed by his decision to bring suit alleging that the Postal Service discharged him in violation of his civil rights. This history has been recounted elsewhere, *see Long v. Frank,* 808 F.Supp. 961 (E.D.N.Y.1992) (*"Long I "*), *on reh'g,* 813 F.Supp. 969 (E.D.N.Y.1993) (*"Long II "*), and we will focus only on those facts relevant to this appeal. We hold that the statute of limitations applicable to Title VII civil actions by federal employees applies to analogous suits under ADEA and accordingly affirm the judgment of the district court.

## BACKGROUND

In July 1982, the Postal Service issued Long a Notice of Proposed Removal (the "Notice") that stated that Long was being discharged because he allegedly assaulted a fellow employee earlier that month. The Postal Service advised Long of his right to respond to the Notice and his right to file a grievance pursuant to a collective bargaining agreement between the Postal Service and Long's union. After considering Long's response to the allegations against him, the Postal Service issued a Letter of Decision informing him that he would be dismissed, but that he had a right to appeal the decision to the Merit Systems Protection Board (the "MSPB").

In August 1982, Long filed an appeal with the MSPB, a grievance pursuant to the collective bargaining agreement, and an Equal Employment Opportunity complaint against the Postal Service alleging that his discharge was based on race, color, age, and reprisal discrimination. On April 19, 1983, the MSPB ordered the Postal Service to reinstate Long. Although it found that Long's dismissal was not the result of discrimination, the MSPB determined that based on the equities of Long's case, a thirty day suspension, instead of discharge, was the appropriate sanction. The MSPB also denied Long's application for attorney's fees as untimely. Long then appealed the MSPB's decision to the Equal Employment Opportunity Commission (the "EEOC") to challenge the finding that his discharge was not based on illegal discrimination.

More than two years later, on September 20, 1985, the EEOC determined that Long was a victim of race/color and reprisal discrimination, but not age discrimination. The EEOC ordered the Postal Service to pay Long back pay for the thirty days he had been suspended pursuant to the MSPB order plus attorney's fees. On December 19, 1986, upon the Postal Service's request to reopen, the EEOC modified its order slightly with respect to the disciplinary measures to be taken against the "alleged discriminating official," but did not alter Long's relief.

On June 12, 1987, in light of the EEOC's decision, the MSPB reconsidered its earlier order denying Long's untimely application for attorney's fees, and ordered the Postal Service to pay Long attorney's fees totaling $6,525. By September 1987, the Postal Service had complied in full with both the EEOC's and the MSPB's orders.

Long then commenced litigation before the MSPB to determine who, as between Long and his attorney, should have received the attorney's fee award, and whether Long was entitled to missed overtime back pay for the

District of New York, sitting by designation.

period during his thirty day suspension. The MSPB dismissed for lack of jurisdiction Long's claim that he was entitled personally to receive the fee award and dismissed his claim for overtime back pay as untimely filed. Long then appealed to the United States Claims Court which transferred the case to the Court of Appeals for the Federal Circuit. The Federal Circuit affirmed the MSPB's holding that it did not have jurisdiction over the fee dispute, and also the MSPB's decision to dismiss Long's overtime back pay claim as untimely. *See Long v. United States Postal Serv.*, 930 F.2d 38 (Fed.Cir.1991).

In November 1990, Long filed the present ADEA action seeking the same relief he sought before the MSPB: a judgment that the attorney's fee award should have been paid directly to him, and that he is entitled to overtime back pay. In response to the Postal Service's motion for summary judgment the district court initially ruled that Long's attorney's fee claim was barred by *res judicata*, but that his overtime back pay claim was not precluded by *res judicata* because the Federal Circuit's decision did not address the merits of that claim. *Long I*, 808 F.Supp. at 966–67. The district court also held *sua sponte* that the overtime back pay award was not barred by the statute of limitations. *Id.* at 967. On reargument, the court reconsidered its statute of limitations holding and ruled that Long's ADEA claims were barred in their entirety by the limitations period applicable to Title VII actions by federal employees, 42 U.S.C. § 2000e–16(c), which the court found appropriate to borrow for claims under ADEA. *Long II*, 813 F.Supp. at 972.

## DISCUSSION

*I. Statute of Limitations*

■ A federal employee claiming age discrimination has the option of bringing suit in federal court in the first instance, or of pursuing administrative remedies before the EEOC and then suing in federal court if not satisfied with the administrative results. *See* 29 U.S.C. § 633a(b) and (c). With respect to civil actions brought directly to federal court, the federal employee must give the EEOC notice of intent to sue within 180 days of the

alleged discriminatory conduct, and then must wait 30 days before filing the suit. *Id.* § 633a(d). The ADEA provisions applicable to federal employees who pursue administrative remedies before initiating a private suit do not, however, contain an express statute of limitations to govern how long after final agency action the employee has to file a civil action. We must therefore "borrow" an appropriate limitations period from an analogous state or federal provision. *Stevens v. Department of Treasury*, 500 U.S. 1, 7, 111 S.Ct. 1562, 1567, 114 L.Ed.2d 1 (1991).

Federal courts are divided on the issue of the appropriate statute of limitations to apply to ADEA civil actions brought by federal employees after administrative remedies are complete. *Compare Lavery v. Marsh*, 918 F.2d 1022, 1025–27 (1st Cir.1990); *Strazdas v. Baker*, 689 F.Supp. 310, 312 (S.D.N.Y. 1988); *Healy v. United States Postal Serv.*, 677 F.Supp. 1284, 1289–90 (E.D.N.Y.1987) (all borrowing thirty day limitations period applicable to Title VII actions) *with Lubniewski v. Lehman*, 891 F.2d 216, 221 (9th Cir.1989) (applying six year catch-all period of 28 U.S.C. § 2401(a)) *and with Coleman v. Nolan*, 693 F.Supp. 1544, 1548 (S.D.N.Y. 1988) (applying two and three year period applicable to ADEA actions brought by private employees). This court previously has discussed the issue, and intimated in dicta that it would be inappropriate to borrow the thirty day limitations period from Title VII. *See Bornholdt v. Brady*, 869 F.2d 57, 66 (2d Cir.1989). Developments since our decision in *Bornholdt*, however, convince us that the *Bornholdt* dicta should not become law, and that the analogous Title VII limitations period, 42 U.S.C. § 2000e–16(c), is the only one appropriate to borrow for ADEA claims.

A major factor motivating our discussion in *Bornholdt* was the perception that while "borrowing" ordinarily is the appropriate mode of statutory construction with respect to unexpressed statutes of limitations, it might not be the proper method in suits against the federal government. *Bornholdt*, 869 F.2d at 64. We reasoned that with respect to federal causes of action against private entities, borrowing was necessary because there is no general statute of limita-

tions to cover such actions. With respect to suits against the federal government, on the other hand, the six year catch-all provision exists, 28 U.S.C. § 2401(a), undermining what we perceived to be a fundamental rationale behind the practice of borrowing a statute of limitations. *Id.*

Subsequent to our decision in *Bornholdt,* however, the Supreme Court indicated that borrowing is appropriate in ADEA suits against the federal government, although the Court did not decide specifically which limitations period should apply. *See Stevens,* 500 U.S. at 7, 111 S.Ct. at 1567. We must now address the question left open by the Supreme Court in *Stevens* and this court in *Bornholdt,* and decide which of the available statutes is most analogous to the ADEA, and therefore most appropriate for borrowing.

It is beyond dispute that the provisions of the ADEA are analogous to, and indeed were "patterned after," Title VII. *See Lehman v. Nakshian,* 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981); *Bornholdt,* 869 F.2d at 65. Both statutes share the common purpose of eliminating discrimination in the workplace, *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979), and several circuit courts, including this court, have interpreted the ADEA by comparison to analogous provisions of Title VII. *See Rebar v. Marsh,* 959 F.2d 216, 218 n. 5 (11th Cir.1992) (collecting cases); *Bornholdt,* 869 F.2d at 65 (same).

The only factor that counsels against fixing the ADEA statute of limitations by reference to Title VII, and the one that influenced our discussion in *Bornholdt,* is that Congress eliminated an identical thirty day provision from an earlier draft of § 633a. *See Bornholdt,* 869 F.2d at 65–66. The legislative history is silent on Congress's reasons for deleting the thirty day period from § 633a. In the absence of an explanation for the omission, we cannot ascribe to it the deliberate purpose of precluding interpretation by reference to the most closely analogous statute, for, in doing so we are just as likely to defeat Congress's intent as to effectuate it. *See Rastelli v. Warden,* 782 F.2d 17, 24 n. 3 (2d Cir.1986); *see also Del–Costello v. Inter-*

*national Bhd. of Teamsters,* 462 U.S. 151, 169 n. 21, 103 S.Ct. 2281, 2293 n. 21, 76 L.Ed.2d 476 (1983).

As we noted in *Bornholdt,* the two most likely candidates for borrowing besides Title VII would be inappropriate for federal ADEA suits. 869 F.2d at 64–65. The two year limitations period applicable to private ADEA actions (three years for willful violations) is not fit for borrowing because the legislative history makes clear that § 633a "is independent of any other section of [the ADEA]," H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 11 (1978), *reprinted in* 1978 U.S.C.C.A.N. 504, 528, 532, and its provisions are "self-contained and unaffected by other sections, including those governing procedures applicable in actions against private employers," *Lehman,* 453 U.S. at 168, 101 S.Ct. at 2705. The six year catch-all limitations period, 28 U.S.C. § 2401(a), is similarly unacceptable since it applies only in cases where no other congressional intent is discernible. Because the provisions of Title VII are analogous to the ADEA in structure and purpose, the provisions of that statute provide stronger guidance in this case than the catch-all provision. *See Wilson v. Garcia,* 471 U.S. 261, 278–80, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985) (refusing to apply catch-all provision when another statute of limitations governing conduct more closely analogous to the conduct at issue was available); *Lavery,* 918 F.2d at 1026–27 (rejecting catch-all provision for ADEA claims by federal employees and applying Title VII period). Given the compelling analogy between the ADEA and Title VII, we think it prudent to adhere to accepted methods of statutory construction in borrowing a statute of limitations, rather than canvassing the volumes of the United States Code in search of a less appropriate alternative.

Furthermore, while these factors provide an independent justification for borrowing the Title VII limitations period, it is significant that the EEOC—the agency responsible for enforcing the ADEA—has since our decision in *Bornholdt* amended its regulations to apply the same limitations period to federal claims under the ADEA as applies under Title VII. *See* 29 C.F.R. § 1614.408(c). In

support of its interpretation of the ADEA, the EEOC noted the anomaly that would result if federal employees complaining of discrimination based on race, color, religion, sex, or national origin under Title VII had to bring suit within thirty days of a final agency decision, while those complaining of age discrimination had six years. *See* 57 Fed.Reg. 12,634, 12,640 (1992). Insofar as the EEOC's interpretation reflects an expression of policy as to how long a federal employee should have to sue, we must defer to the EEOC's conclusion. *See Pauley v. BethEnergy Mines, Inc.,* 501 U.S. 680, 111 S.Ct. 2524, 2535, 115 L.Ed.2d 604 (1991). Even if we were not so constrained, in a case like this one where the EEOC's determination comports with our own statutory interpretation, we find its analysis persuasive. Accordingly, we hold that when federal employees bring a civil action after pursuing administrative remedies under the ADEA, the action must be brought within the time period allowed for similar suits under Title VII.

Applying that limitations period to this case, we must find Long's ADEA claim time-barred. Although the Civil Rights Act of 1991 extended the Title VII limitations period from thirty to ninety days, the thirty day period applied when Long filed this suit in November 1990. *See Long II,* 813 F.Supp. at 972 n. 1. While we have held that amendments contained in the Civil Rights Act do not apply retroactively, *see Butts v. City of N.Y. Dep't of Housing Preservation & Dev.,* 990 F.2d 1397, 1411 (2d Cir.1993), that issue is irrelevant to the decision of this appeal. Since the last action taken by the EEOC on Long's age discrimination claim occurred on December 19, 1986, nearly four years before Long's complaint was filed, the present action was untimely under either limitations period whether it be thirty or ninety days.

## II. Equitable Tolling

■ We next address whether Long is entitled to equitable tolling of the statute of limitations. Under the doctrine of equitable tolling, a complainant may be allowed to file his or her claim outside the applicable limitations period if, because of some action on the defendant's part, the complainant was un-aware that the cause of action existed. *See Dillman v. Combustion Eng'g, Inc.,* 784 F.2d 57, 60 (2d Cir.1986). The doctrine of equitable tolling "was developed in the context of actions based on fraud," but "has been applied in cases alleging causes of action other than fraud where the facts show that the defendant engaged in conduct, often itself fraudulent, that concealed from the plaintiff the existence of the cause of action." *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir. 1985).

■ As a threshold matter, we note that equitable tolling applies in cases where the federal government is a party defendant unless Congress expresses its intent to the contrary. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Because suits against the government involve a waiver of sovereign immunity, however, "it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." *Id.* at 96, 111 S.Ct. at 458; *see also United States v. RePass,* 688 F.2d 154, 158 (2d Cir. 1982).

■ The equitable tolling issue arises in this case because ambiguity in the EEOC's decision denying Long's age discrimination claim may have led him to believe he had six years in which to file a civil action. The relevant portion of the notice read:

If any of your claims were based on the Age Discrimination In Employment Act of 1967 (29 U.S.C. § 633a), *AS TO THOSE CLAIMS ONLY,* you *MAY* have up to six years after the right of action first accrued in which to file a civil action.

While the EEOC notice is not "a model of clarity," *Lavery,* 918 F.2d at 1028, equitable tolling is not warranted on the facts of this case. The EEOC notice informs claimants that they "MAY" have up to six years to file an ADEA civil action. The uncertainty reflected in the notice stems from the inconsistency in the case law between the circuits, and within each circuit. As the First Circuit noted in *Lavery* construing a similar notice, a claimant in the Ninth Circuit might have up

to six years to file a claim, and the EEOC's uncertainty is therefore justified. *Id.* (citing *Lubniewski,* 891 F.2d at 221). The ambiguity of the EEOC notice does not, however, amount to affirmative misconduct on the government's part aimed at causing Long to forgo his legal rights. *See Cerbone,* 768 F.2d at 49; *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir.1978). Moreover, Long has not demonstrated that he relied on the EEOC notice in deciding not to pursue his ADEA cause of action. *See Lavery,* 918 F.2d at 1028. To the contrary, throughout this litigation Long has pursued every remedy available to him promptly and, although he is now proceeding *pro se,* he was represented by counsel when the EEOC rendered its decision. *Long II,* 813 F.Supp. at 973. We therefore see no basis for granting equitable relief.

## CONCLUSION

We hold that the district court correctly applied the analogous limitations period of Title VII to Long's ADEA claim, and that the court properly declined to grant equitable relief in this case. Accordingly, the judgment of the district court is affirmed.