Frances HESSON, Plaintiff,

v.

FIREMAN'S FUND INSURANCE COMPANY, Corrine Gibson, Defendants.

No. 93–CV–0931C.

United States District Court, W.D. New York.

Sept. 6, 1995.

James P. Davis, Buffalo, NY, for plaintiff.

Giardino & Schober (Mark F. Scarcello, of counsel), Buffalo, NY, for defendants.

## DECISION AND ORDER

CURTIN, District Judge.

Plaintiff Frances Hesson filed suit against her former employer and supervisor, Fireman's Fund Insurance Company and Corrine Gibson, respectively, for violations of the Age Discrimination in Employment Act of 1967 (ADEA) as amended (29 U.S.C. § 621 *et seq.*), Title VII race and sex discrimination (42 U.S.C. § 2000e–2(a)(1)), and conspiracy (42 U.S.C. § 1985(3)). Defendant moves to dismiss all claims as barred by the applicable statute of limitations. Item 9. Plaintiff concedes that the statutes of limitations have run on all claims except the ADEA and conspiracy claims. In response, defendant argues that even if plaintiff's ADEA claim is covered under the old three-year statute of limitations for willful claims, plaintiff has neither alleged nor demonstrated willfulness. Item 9. Defendant further states that plaintiff's claim of conspiracy must be dismissed because a Title VII right cannot be the basis for a cause of action under 42 U.S.C. § 1985(3).

## BACKGROUND

Ms. Hesson worked at Fireman's, primarily as a receptionist, from 1974 until she felt compelled to quit on October 31, 1991. Plaintiff was 56 years old when she left Fireman's Fund. Plaintiff alleges that she was harassed at work beginning in 1987. The harassment allegedly intensified until she felt compelled to quit on October 31, 1991. Item 13, Exhibit A, p. 1; Item 12, p. 2. The allegedly discriminatory actions consisted principally of name-calling, Item 13, Exhibit A, p. 1; the use of "substandard English" expressions such as "yassum" and "yo" "that mocked illiterate Blacks' way of speaking," Item 13, Exhibit A, p. 5; criticism of plaintiff's age and race, Item 13, Exhibit A, p. 1; disparate treatment of caucasian co-workers by a supervisor, Item 13, Exhibit A, pp. 2, 3, 4; and a number of harassing activities such as causing all the phone lines at plaintiff's work station to ring simultaneously and then reprimanding plaintiff when she could not answer them all. Item 13, Exhibit A, p. 4. In addition, plaintiff claims she was intentionally exposed to toxic paint fumes. Item 13, Exhibit A, p. 3.

Because of the stress she experienced at work, Ms. Hesson was under a physician's care from May 25, 1991, until December 27, 1991. Item 8, Exhibit A, p. 1. She also

consulted a psychiatrist and was required to take an extended disability leave of absence. Item 8, Exhibit A, pp. 2, 4.

Plaintiff filed a complaint with the EEOC and subsequently received a Notice of Right to Sue letter from the EEOC on or about August 12, 1993. Item 9, p. 2. Plaintiff filed the instant action on November 23, 1993. Item 12, p. 2.

Defendants moved for summary judgment on August 4, 1994, stating that plaintiff missed the 90–day statute of limitations established pursuant to Title VII (42 U.S.C. § 2000e–5(f)(1)), and the Age Discrimination in Employment Act (29 U.S.C. § 626(e)).

Plaintiff filed an affirmation in opposition to defendant's motion for summary judgment on September 6, 1994, alleging that she wasn't properly notified that the 90–day statute of limitations applied to her claim because her Notice of Right to Sue from the EEOC, received on or about August 12, 1993, said:

> While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until 90 days after you receive notice that EEOC has completed action on your charge. (and for any violations alleged to have occurred before the November 21, 1991 effective date of the 1991 Civil Rights Act, any suit should be brought within 2 years of the alleged violation (3 years for willful violations) in order to assure the right to sue.)

Item 12, Exhibit A.

This was the only notice plaintiff received from the EEOC. Item 8, Exhibit E, p. 1.

The ADEA was amended effective November 21, 1991. Prior to that date, the ADEA allowed a two-year statute of limitations for violations, and three years if the violation was willful. As amended, the ADEA allows plaintiffs 90 days after receipt of Notice of Right to Sue from the EEOC. 29 U.S.C. § 626(e). The violations plaintiff alleges occurred prior to the 1991 amendment, but plaintiff filed her EEOC complaint after enactment of the amendment.

Ms. Hesson requests that the 90–day limitation period be subject to equitable tolling because of the plain language of the EEOC notice.

## DISCUSSION

### 1. The 90–day statute of limitations provided for in the 1991 Amendment applies to plaintiff's claim.

The first question presented is whether the new statute of limitations resulting from the 1991 Amendment to the ADEA of 1967 applies to plaintiff's claim, or whether her claim is governed by the old statute of limitations. The statute of limitations as amended allows ADEA claims to be filed within 90 days of receipt of notice that the EEOC has completed action on a charge. 29 U.S.C. § 626(e). Plaintiff argues that since the violative conduct at issue arose prior to the effective date of the amendment, the former statute of limitations should apply. The former statute of limitations allowed suits to be brought within two years of the alleged violation, and within three years if the violation was willful. 29 U.S.C.A. § 626 (1995).

The Second Circuit decided recently that the limitations period in effect at the time of the filing of the complaint is to be applied to ADEA claims. _Vernon v. Cassadaga Valley Central School District,_ 49 F.3d 886, 889 (2d Cir.1995). The court stated that "applying a new or amended statute of limitations to bar a cause of action filed after its enactment, but arising out of events that predate its enactment, generally is not a retroactive application of the statute," and "[i]n such a case, the statute is applied to conduct that occurs after the statute's enactment—plaintiff's filing of the complaint—not the defendant's allegedly unlawful acts." _Id._

■ Consequently, plaintiff's claim is governed by the ADEA as amended in 1991, requiring that actions be commenced within 90 days of receipt of a Notice of Right to Sue. Plaintiff's action was not timely commenced within the statutory period. Moreover, because the amended statute of limitations applies, it is unnecessary to address plaintiff's argument that defendant's conduct was willful and therefore governed by a

three-year statute of limitations under the pre-amendment scheme.

### 2. The 90–day period should not be equitably tolled.

Plaintiff claims that the 90–day period should be equitably tolled because the language in the EEOC Notice of Right to Sue letter was misleading, and the misleading language led her to believe that her claim was governed by the old statute of limitations. Plaintiff's claim was filed 102 days after receiving the notice, 12 days after the expiration of the 90–day statute of limitations provided for by the amended statute. Item 1, p. 1. Plaintiff claims the language of the EEOC letter led her to conclude that although she missed the two-year statute of limitations of the pre-amendment statute, she could still pursue this claim under the three-year statute of limitations for willful violations. Item 13, p. 2.

The Supreme Court has explicitly allowed equitable tolling in only two broadly defined situations: "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). The Court has generally been unwilling to receive late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

The Second Circuit has created a more specific list of circumstances in which equitable tolling of the 90–day period in EEOC cases is appropriate, including cases where the claimant has received inadequate notice. *South v. Saab Cars, Inc.*, 28 F.3d 9, 11 (2d Cir.1994). In defining inadequate notice, the Second Circuit has considered whether the government was a party defendant, *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60 (2d Cir.1986); *Cerbone v. International Ladies' Garment Workers' Union* 768 F.2d 45, 48 (2d Cir.1985), the nature of the ambiguity resulting in the alleged inadequate notice, *Vernon*, 49 F.3d at 889; *Long v. Frank*, 22 F.3d 54 (2d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 938, 130 L.Ed.2d 883 (1995), and finally, whether the plaintiff has demonstrated that she relied on the notice in question. *Vernon*, 49 F.3d at 891; *Long*, 22 F.3d at 59.

In *Long*, the Second Circuit considered whether an ambiguity in an EEOC decision denying appellant's age discrimination claim may have led him to believe he had six years in which to file a civil action. *Long*, 22 F.3d at 58. The relevant portion of the notice read: " 'If any of your claims were based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a), AS TO THOSE CLAIMS ONLY, you MAY have up to six years after the right of action first accrued in which to file a civil action.' " *Id.*

Noting that the EEOC notice was not "a model of clarity," the *Long* court found that equitable tolling was not warranted on the facts of the case. *Id.* The court found that the uncertainty in the wording of the notice was a result of the inconsistency in the case law between the circuits and within each circuit: a claimant in one circuit might have had up to six years to file a claim while another did not. The court found that the EEOC's uncertainty was therefore justified. *Id.*

In the present case, the ambiguity in the EEOC's communication to the plaintiff is similar to that in the EEOC's communication to Long. Read plainly, the right to sue notice delivered to Ms. Hesson appears to state that claims should be filed so as to comply with both the amended and pre-amendment statutes of limitations in order to be certain that the claim would not be time-barred. As in *Long*, although this language is not a model of clarity, the ambiguity is justified by the ongoing division among the circuits. Some courts, including the Second Circuit, have concluded that the amended statute of limitations period should apply to claims that accrued before the passage of the 1991 amendments, while other courts have concluded that all of the provisions of the 1991 Act, including the statute of limitations provisions, were to be applied only prospectively. *See Vernon*, 49 F.3d at 889.

■ Furthermore, the *Long* court declined to toll the statute of limitations even though the EEOC was a defendant in the case, and the EEOC was in effect aided by its own poorly drafted language. *Long,* 22 F.3d at 59. The court found that the ambiguity in the notice did not amount to affirmative misconduct on the government's part aimed at causing Long to forego his legal rights. *Id.* In the present case, the government is not a party defendant; "it is therefore questionable whether its acts could lead to equitable tolling." *Vernon,* 49 F.3d at 891. A number of courts have held that the doctrine of equitable tolling requires affirmative misconduct by a party defendant, though this has not been established as an absolute requirement.[1]

Both the *Vernon* and *Long* courts also considered whether the plaintiff had relied on the ambiguous communication from the EEOC in making their late filings. *Vernon,* 49 F.3d at 892; *Long,* 22 F.3d at 59. Both courts declined to grant equitable tolling in some measure because they found that the plaintiff in neither case had relied on the ambiguous communication. *Vernon,* 49 F.3d at 892; *Long,* 22 F.3d at 59. In the present case, plaintiff claims that she did rely on her reading of the notice and concluded that the two-year statute of limitations applied to her case. Yet even with this understanding, plaintiff failed to file her case within the two-year period, filing instead within the three-year period allowed for willful claims. In addition, plaintiff also failed to file her case within the amended statutory 30–day period. Taken together, these facts suggest that while plaintiff may have relied partially on the ambiguous communication from the EEOC, a more clearly crafted communication may not have helped her.

■ For the above reasons, the statute of limitations should not be tolled. The ambiguity of the right to sue letter is arguable,

and any ambiguity that did exist is at least partially justified by the split among the circuits. In addition, the EEOC was not a party to the action and did not benefit from any confusion it might have caused. Finally, although plaintiff may have relied on the communication, it is not clear that even a perfectly drafted memorandum from the EEOC would have caused Ms. Hesson to make timely filings.

### 3. *Plaintiff's conspiracy claim is not actionable*

In the charge filed with the New York State Division of Human Rights and EEOC, plaintiff claimed that she was deprived of her substantive rights in the workplace in violation of 42 U.S.C. § 2000e–2(a)(1). In particular, plaintiff charged Fireman's Fund with "unlawful discriminatory practice relating to employment by denying me equal terms, conditions and privileges harassing me and forcing me to retire because of my race/color and age in violation of the Human Rights Law of New York State." Item 16, p. 2.

In addition to this original Title VII claim, which plaintiff has conceded was untimely, plaintiff also seeks to assert a claim pursuant to 42 U.S.C. § 1985(3) by claiming that respondents conspired to deprive her of her rights in the workplace.

■ However, 42 U.S.C. § 1983 provides no substantive rights itself; it merely provides a remedy for the rights it designates. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). The *Novotny* Court held that § 1985(3) may not be used to redress violations of Title VII. *Id.* at 378, 99 S.Ct. at 2352. The Court's primary concern was to maintain the integrity of the administrative process established by Congress to handle Title VII claims. The Court found that "at several points the statutory plan [of Title VII] prevents the immediate filing of

---

1. The doctrine of equitable tolling "was developed in the context of actions based on fraud," but "has been applied in cases alleging causes of action other than fraud where the facts show that the defendant engaged in conduct, often itself fraudulent, that concealed from the plaintiff the existence of the cause of action." *Cerbone v. International Ladies' Garment Workers' Union*

768 F.2d 45, 48 (2d Cir.1985). Under the doctrine of equitable tolling, a complainant may be allowed to file his or her claim outside the applicable limitations period if, because of some action on the defendant's part, the complainant was unaware that the cause of action existed. *Dillman v. Combustion Engineering, Inc.* 784 F.2d 57, 60 (2d Cir.1986).

judicial proceedings in order to encourage voluntary conciliation," and "[i]f a violation of Title VII could be asserted through § 1985(3), a [plaintiff] could avoid most if not all of these detailed and specific provisions of the law." *Id.* at 375–76, 99 S.Ct. at 2350–51. Furthermore, the Court distinguished § 1985(3) from Title VII by observing that while Title VII creates a statutory set of rights, the reach of § 1985(3) "is limited to conspiracies to violate those fundamental rights derived from the Constitution." *Id.* at 379, 99 S.Ct. at 2352 (Powell, J., concurring).

 Accordingly, plaintiff's 42 U.S.C. § 1985(3) claim that defendants conspired to deprive her of substantive rights in the workplace is not actionable because it must be brought under Title VII. *See also Traggis v. St. Barbara's Greek Orthodox Church,* 851 F.2d 584 (2d Cir.1988); *McNeil v. Aguilos,* 831 F.Supp. 1079, 1087 (S.D.N.Y.1993) ("Plaintiff's 42 U.S.C. § 1985(3) claim that [defendants] conspired to deprive her of substantive rights in the workplace is not actionable because it must be brought under Title VII").

Because the claim is not actionable, it is unnecessary to address whether Firemen's Fund and its employees can conspire with each other for the purposes of a § 1985(3) claim.

### CONCLUSION

The motion of defendants to dismiss the complaint, therefore, is granted. Judgment shall enter for defendants.

So ordered.