**Edward GRINNELL, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**No. 93–CV–172 (FJS).**

United States District Court, N.D. New York.

Dec. 7, 1995.

Devorsetz Stinziato Gilberti Heintz & Smith, P.C., Syracuse, NY (Laura L. Spring, of counsel), for Plaintiff.

Bond, Schoeneck & King, Syracuse, NY (Louis P. Dilorenzo, of counsel), for Defendant.

## DECISION AND ORDER

SCULLIN, District Judge.

## INTRODUCTION

On June 30, 1994, the Court issued a bench decision in this matter which granted defendant partial summary judgment as to some claims and specifically denied defendant's motion for summary judgment on statute of limitations grounds. On March 8, 1995, the Second Circuit decided *Vernon v. Cassadaga Valley School Dist.*, 49 F.3d 886, a case which defendant contends warrants reconsideration and reversal of the Court's earlier decision.

## BACKGROUND

Plaintiff originally brought this action alleging seven causes of action including age discrimination under both the Age Discrimination in Employment Act ("ADEA") and the New York Human Rights Law. In its earlier decision, the Court granted partial summary judgment to the defendant on plaintiff's breach of contract, wrongful discharge, and intentional infliction of emotional distress claims, as well as on plaintiff's request for compensatory and punitive damages under the ADEA. The Court, however, denied defendant's motion with respect to plaintiff's ADEA claims on statute of limitation grounds.

In denying defendant's motion, the Court held that the provision of the 1991 Civil Rights Act that provided for a 90 day statute of limitations for ADEA actions was not to be retroactively applied to actions involving conduct that occurred prior to the effective date of the Act. Additionally, the Court held that, even if the 90 day limit were to be applied, a question of fact existed as to whether plaintiff's action would be subject to equitable tolling.

## DISCUSSION

### Statute of Limitations

In *Vernon*, a group of school teachers brought an ADEA claim against the school district that employed them. There, as in the case at bar, the alleged discriminatory conduct occurred prior to the enactment of the Civil Rights Act of 1991, but the action was filed after enactment. The question before the Second Circuit, then, was whether the 90 day statute of limitations provided for in the 1991 Act applied to the plaintiffs' ADEA action.

The court held that the 90 day limitation period enacted in the 1991 Act should apply "to claims filed after its enactment, including those in which the cause of action accrued beforehand." *Vernon*, 49 F.3d at 889. In so holding, the court was guided by the Supreme Court's decision in *Landgraf v. USI Film Products*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), a case also relied upon by this Court in its earlier decision in this case.

In *Landgraf*, the Supreme Court stated that in order for a court to determine the retroactivity of a particular statute, it must

determine "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." —— U.S. at ——, 114 S.Ct. at 1505. The Second Circuit, applying the *Landgraf* test, found that the retroactive application of the 90 day limitation period did not result in any of the above. Accordingly, the court found that the retroactive application of the statute was proper, notwithstanding the fact that the plaintiffs' action would be dismissed as time-barred as a result.[1]

In light of the *Vernon* decision, it seems clear that the 90 day statute of limitations should be retroactively applied to the case at bar. Therefore, unless plaintiff's equitable tolling argument still exists, defendant's motion must be granted.

### Equitable Tolling

■ As stated above, in its earlier decision, this Court cited the possibility of equitable tolling of the statute of limitations as an alternate ground for denying defendant's motion for summary judgment. Plaintiff argued the applicability of equitable tolling in light of the fact that, prior to initiating this action, he had received three notices from the EEOC each of which stated that he had to file his suit within two years of the date of the alleged discrimination. (In plaintiff's case, by February 13, 1993). The Court accepted this argument as a possible defense stating that "the plaintiff's knowledge and his justifiable reliance on the EEOC's letter would create a factual issue not appropriate for resolution at this stage of litigation." The *Vernon* decision places the viability of this argument in doubt, however.

In *Vernon*, the Second Circuit addressed an equitable tolling argument similar to the one presented here. There, the EEOC letter in question advised the plaintiffs that, because of the 1991 Act, it was unclear whether the 90 day period applied to actions involving conduct occurring prior to its enactment. In light of the uncertainty in the law, the EEOC stated that the plaintiffs' action "should be

brought within two years of the date of the alleged discrimination, 2/8/91, and within 90 days of receipt of [the right to sue] letter, whichever is earlier, in order to assure the right to sue." *Vernon*, 49 F.3d at 888. The Second Circuit, relying on its decision in *Long v. Frank*, 22 F.3d 54 (2d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 938, 130 L.Ed.2d 883, affirmed the district court's finding that equitable tolling was inappropriate under those circumstances.

The differences between the EEOC letter sent in *Vernon* and those sent to plaintiff in the case at bar are obvious. In the case at bar, the EEOC letters failed to even mention the fact that the limitations period may have changed as a result of the 1991 Act.[2] This fact alone, however, is insufficient to deny summary judgment based upon equitable tolling.

In *Long*, the Second Circuit denied a claim for equitable tolling of the statute of limitations where the EEOC letter stated

> If any of your claims were based on the Age Discrimination in Employment Act ... AS TO THOSE CLAIMS ONLY, you MAY have up to six years after the right of action first accrued in which to file a civil action.

*Long*, 22 F.3d at 58. In denying equitable relief, the court stated that "[t]he ambiguity of the EEOC notice does not, however, amount to affirmative misconduct on the government's part aimed at causing Long to forgo his legal rights." *Id.* at 59. Additionally, the court stated that Long had not demonstrated that he had relied on the EEOC letter in deciding not to pursue his ADEA action. *Id.*

The *Vernon* court adopted the two part test used in *Long*, but also based its decision on an additional factor that is also present in the case at bar. The court, while finding that there was no "affirmative misconduct" or demonstrated reliance, stated that "unlike in *Long*, the EEOC was not even a party defendant here; it is therefore questionable

---

1. Plaintiffs' action would have been timely had the former two year statute of limitations been applied.

2. Two of the letters sent to plaintiff were sent after the enactment of the 1991 Act. (August 3, 1992, and August 27, 1992).

whether its acts could lead to equitable tolling." *Vernon*, 49 F.3d at 891. In the case at bar, the Court is faced with the same situation, wherein the plaintiff is claiming that he is entitled to equitable tolling because he relied upon the misrepresentations of a nonparty.

In *Long*, the Second Circuit stated that "[u]nder the doctrine of equitable tolling, a complainant may be allowed to file his or her claim outside the applicable limitations period if, *because of some action on the defendant's part*, the complainant was unaware that the cause of action existed." *Long*, 22 F.3d at 58 (emphasis added). Here, as in *Vernon*, the EEOC is not a party-defendant, therefore, there is no evidence that G.E. did anything to cause plaintiff to believe that the 90 day period did not apply.[3] Because there is no evidence that plaintiff's failure to file this action within the 90 day period prescribed by the 1991 Act was in any way a result of actions taken by General Electric, the Court must, reluctantly, grant the motion for summary judgment.[4] *See Bennett v. U.S. Lines, Inc.*, 64 F.3d 62, 66 (2d Cir.1995) (equitable tolling applies where defendant's conduct results in plaintiff's failure to properly file an action).

Accordingly, it is hereby

ORDERED, that defendant's motion for reconsideration of this Court's June 30, 1994, decision is GRANTED; and it is further

ORDERED, that the portion of the June 30, 1994, decision that denied summary judgment on plaintiff's ADEA claim is VACATED; and it is further

ORDERED, that defendant's motion for summary judgment on plaintiff's ADEA claims is GRANTED; and it is further

ORDERED, that plaintiff's remaining state law claims are DISMISSED for lack of supplemental jurisdiction; and it is further

ORDERED, that this action is DISMISSED.

**IT IS SO ORDERED.**

---

3. The record indicates that plaintiff relied upon the representations in EEOC letters in determining when to file this action. While the Court does not doubt that he did, in fact, rely to his detriment on those letters, they were not issued by G.E. and it cannot be bound by the acts of a non-party.

4. In light of the fact that this decision results in the dismissal of plaintiff's remaining federal claims, the Court declines to exercise its supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir.1990) cert. denied 502 U.S. 941, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991).