Ayala v. United States Postal Service

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **RICHARD C. WESLEY,**
> > **<u>Circuit Judges</u>,**
> **EDWARD R. KORMAN,***
> > **<u>District Judge</u>.**

---

**Miledys Ayala,**

> **<u>Plaintiff-Appellant</u>,**
>
> **v.**                                                                 **17-1218**

**United States Postal Service, et al.,**

> **<u>Defendants-Appellees</u>.**

---

\* Judge Edward R. Korman, District Court Judge of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:                          Miledys Ayala, pro se, Bronx, NY.

FOR APPELLEE UNITED                      Talia Kraemer (Benjamin H. Torrance,on
STATES POSTAL SERVICE AND                the brief) Assistant United States
MEGAN J. BRENNAN:                        Attorneys, for Geoffrey S. Berman,
                                         United States Attorney for the
                                         Southern District of New York, New
                                         York, NY.

FOR NATIONAL ASSSOCIATION                Peter D. DeChiara, Cohen, Weiss and
OF LETTER CARRIERS, AFL-CIO:             Simon LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Miledys Ayala, pro se, appeals from a judgment in favor of the United States Postal Service ("USPS") and the National Association of Letter Carriers, AFL-CIO ("NALC") in her employment discrimination action. Ayala alleged national origin and age discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. She also asserted a claim against NALC for breach of its duty of fair representation ("DFR"). The district court granted the defendants' motions to dismiss, finding that: Ayala had failed to exhaust her administrative remedies with respect to her Title VII and ADEA claims against NALC;

the Title VII and ADEA claims against both defendants were time barred; and her DFR claim was both time barred and inadequately pleaded. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. Biro v. Condé Nast, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ayala contends that she complied with the Equal Employment Opportunity Commission ("EEOC") process, and that her filings were timely. Ayala was required to file her complaint within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-16(d) (incorporating, among other things, Title VII's general timing requirements for suits by federal employees); id. § 2000e-5(f)(1) (90 days to file suit); Long v. Frank, 22 F.3d 54, 56–58 (2d Cir. 1994) (incorporating Title VII's timing requirements for ADEA claims brought under 29 U.S.C. § 633a). Ayala alleged that she received her

right-to-sue letter on March 23, 2015. She therefore had until Monday, June 22, 2015, to file her complaint, but did not file until June 23, 2015. Accordingly, her claims against USPS are time barred. See Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.").

The district court's conclusion that there was no basis for applying equitable tolling was also correct. In opposing dismissal, Ayala contended that she been dealing with emotional issues. She also asserted that she had gone to the court on the last day in which she could timely file, but did not file because of an error in her complaint. These allegations, taken as true, are insufficient to demonstrate the "rare and exceptional circumstance[s]" warranting equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citation and quotation marks omitted); see also Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (observing that, for equitable tolling to apply, a plaintiff must show that she was "prevented in some extraordinary way from exercising [her] rights" (internal citation omitted)).

With respect to NALC, the district court concluded that Ayala had failed to exhaust her administrative remedies, and further, that any discrimination or retaliation claims were time barred. While a plaintiff need not plead exhaustion, Hardaway v.

4

Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018), and NALC did not move to dismiss Ayala's discrimination and retaliation claims as time barred, we affirm because Ayala's complaint is devoid of any allegations giving rise to an inference of discrimination, and her retaliation claims fail because she did not allege that her participation in any protected activity led to retaliation.

Finally, Ayala challenges the district court's ruling that her DFR claim against NALC was untimely, contending that she did not become aware of her claim until reading an internet article in November 2015.  The statute of limitations on a DFR claim is six months.  See Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1492 (2d Cir. 1995).  The limitations period "begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation," and "the union's subsequent failure to actually represent the plaintiff[] cannot be treated as a continuing violation that preclude[s] the running of the limitation period."  Buttry, 68 F.3d at 1492 (internal citation and quotation marks omitted, alteration in original).  The most recent event alleged concerning NALC is that it failed to adequately represent her in connection with her April 2013 firing.  Therefore, her DFR claim accrued at latest in November 2013, and is consequently time barred.

We have considered Ayala's remaining arguments and find them to be without

merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court